## A97A1649. ARNOLD v. THE STATE.
(491 SE2d 819)

BEASLEY, Judge.

Arnold was charged with driving with no proof of insurance (OCGA § 40-6-10), DUI (OCGA § 40-6-391 (a) (1)), leaving the scene of an accident (OCGA § 40-6-270), and disobedience of a traffic control device (OCGA § 40-6-21). She was convicted of all but insurance proof. The trial court imposed a sentence of six months of confine-

ment, 18 months of probation, a $2,000 fine, $200 restitution, and 80 hours of community service. A condition of her probation was attendance at AA meetings three times a week for twelve months.

The evidence showed that a vehicle driven by Arnold weaved out of its lane of travel, failed to stop at a red traffic light, hit another vehicle, and left the scene. Arnold's license tag number was reported to police by an eyewitness who pursued and unsuccessfully attempted to stop her. Officer Roe traced the tag number to Arnold's residence and located her there. Roe observed that she emitted a strong odor of alcohol about her breath and person; her eyes were bloodshot, watery, and glassy; she was unsteady on her feet; and her speech was slurred. Police Sergeant Davis appeared shortly thereafter and observed the same conditions.

Arnold filed motions in limine and to suppress evidence of her refusal to submit to a state-administered chemical test, the results of field sobriety tests, and custodial statements by her to law enforcement officers. Outside the jury's presence, Roe testified that while at Arnold's residence he advised her of her *Miranda* rights and then administered field sobriety tests, which she failed to perform satisfactorily. The court suppressed this evidence upon the determination that Arnold was given incomplete *Miranda* warnings. Her motion to suppress other evidence was denied.

At trial, Sergeant Davis testified that after observing Arnold's appearance and behavior, he arrested her and took her back to the accident scene. She was identified there and then transferred to Officer Ghant's patrol unit. He testified that he read implied consent warnings to her and, when she failed to respond, he took her to the medical center, where she refused to consent to a state-administered blood test.

1. Arnold enumerates as error the court's failure to instruct the jury, in accordance with OCGA § 16-2-2, that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."

This request to charge was based on Arnold's testimony that when she passed through the intersection the traffic light was green in her direction, and she was hit by the other car while swerving to avoid it. The requested instruction related only to the charge that Arnold disobeyed a traffic control device. Arnold did not defend on the ground that leaving the scene or driving under the influence "occurred as a result of misfortune or accident," the words in her requested instruction. All the charges against her were statutory "Rules of the Road" and thus are strict liability offenses. See *Hoffer v. State*, 192 Ga. App. 378, 380 (1) (384 SE2d 902) (1989). The absence of a criminal scheme or undertaking or of criminal negligence is not a

defense to a strict liability criminal statute. *Coates v. State*, 216 Ga. App. 93, 94 (5) (453 SE2d 35) (1995). The instruction was properly rejected.

2. The second alleged error is that the trial court's sentence violated USCR 33.6 (B), which prohibits the judge from imposing "upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law merely because the defendant has chosen to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty or nolo contendere."

In support of a motion for new trial which Arnold filed but then withdrew, her attorney executed an affidavit stating that during pretrial plea negotiations, the court instructed counsel it would accept a guilty plea and sentence defendant to a term of confinement for 30 days. Counsel also testified that it is the court's policy to hear all motions on the day of the trial, and that Arnold decided to exercise her right to a jury trial because she wanted a ruling on her motions in limine and to suppress. According to defense counsel, after granting the motion to suppress in part, the judge stated that if Arnold wanted to then plead guilty it would have to impose a harsher sentence than had previously been discussed "because [now] there were jurors waiting to hear this case."

An accused may not be judicially punished for exercising her constitutionally guaranteed right to a jury trial. *Alabama v. Smith*, 490 U. S. 794 (109 SC 2201, 104 LE2d 865) (1989). See *Allen v. State*, 193 Ga. App. 670, 673 (388 SE2d 889) (1989) (Beasley, J., dissenting). Had Arnold pled guilty before the presentation of evidence at trial, and had the court increased the severity of her sentence simply because the judicial machinery for a trial had been set in motion, the degree of severity of the sentence would have been infected with retribution for exercising a right. But she did not plead guilty, having decided to be tried by a jury and thus opening the door to a display of all the aggravating details of the offenses and factors other than the exercise of her right.

Statements made by the trial court at the sentencing hearing indicate that the sentence particulars were based on a consideration of: evidence that the accident Arnold caused was potentially life threatening; the fact that Arnold's trial testimony and her statements at sentencing were contradicted by a parade of witnesses; and her driving record of three DUIs and one reckless driving conviction. "[I]n the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. [Cits.]" *Alabama v. Smith*, supra at 801.

As in *Baldwin v. State*, 217 Ga. App. 866, 868-869 (3) (460 SE2d 80) (1995), and cases cited therein, " '[it was] not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in conjunction with a guilty plea. [Cit.]' [Cit.]" See also *Johnson v. State*, 224 Ga. App. 568, 570 (2) (481 SE2d 268) (1997). Arnold's sentence was within statutory limits. See OCGA §§ 17-10-3 (a) (1); 40-6-1. In all, the sentence was not invalid.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 22, 1997 —
RECONSIDERATION DENIED SEPTEMBER 11, 1997.

*Deville, Milhollin & Voyles, Roman A. Deville, Jeremy I. Stein,* for appellant.

Melba B. Arnold, *pro se.*

*Ralph T. Bowden, Jr., Solicitor, Joseph N. Walden III, W. Cliff Howard, Assistant Solicitors,* for appellee.

