## A01A0752. SMITH v. THE STATE.
(552 SE2d 499)

BLACKBURN, Chief Judge.

Following a jury trial, Whitney Tyrone Smith appeals his convictions of failure to maintain lane, open container violation, and two counts of driving under the influence. Smith contends that the trial court erred in failing to charge the jury on his sole defense of justification and that his trial counsel rendered ineffective assistance by failing to request a jury charge on justification. We affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Smith] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State.*[1] See *Jackson v. Virginia.*[2]

---

[1] *Ryals v. State*, 238 Ga. App. 578 (519 SE2d 505) (1999).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Officer Reimers of the Clayton County Police Department testified that on January 23, 2000, between 3:00 and 3:30 a.m., he responded to a one vehicle accident. The vehicle had struck a pole and had come to rest on a tree on Godby Road, about 200 feet west of State Route 314. He further testified that he spoke with Smith, who admitted driving the car. He further acknowledged that he was the sole occupant of the vehicle.

Smith had told Officer Reimers that he was stopped at a traffic light at State Route 314 when another vehicle pulled up next to his car, and one of the occupants of the other vehicle got out and tried to pull him out of his vehicle. In attempting to escape, Smith said that he accelerated forward and, in doing so, lost control of his vehicle and struck the utility pole.

Officer Reimers diagrammed the accident scene and testified that the utility pole which Smith struck was approximately 200 feet before the intersection and the tree was approximately 185 feet before the intersection where Smith claimed he was attacked. The officer demonstrated that the accident could not have occurred as Smith told him that it had. Officer Reimers testified that "If he was stopped where he told me he was stopped at the red light like he stated he was and he accelerated forward, the accident would have happened east of the intersection rather than [200] feet back from the location which he initially told me that he was stopped."

Officer Reimers testified that he smelled a moderate odor of an alcoholic beverage when talking to Smith, and that Smith volunteered that he was coming from a club where he had consumed wine prior to driving. Officer Reimers testified that Smith agreed to perform field sobriety tests, including the one-leg stand and the finger to nose exercise, both of which he was unable to successfully perform. Officer Reimers arrested Smith for DUI and read him the implied consent warning at approximately 4:06 a.m.

Smith consented to taking the alco-sensor test, which was positive for ethyl alcohol. Officer Reimers then inspected Smith's car, where he found an open bottle of Corona beer in the right-hand floorboard of the vehicle, which had been partially consumed. Smith was then transported to Southern Regional Medical Center where a breath test on the Intoxilyzer 5000 was administered. The lower of Smith's two State test results was 0.174 at 4:52 a.m. Smith requested another breath test, and the result of this test at 5:07 a.m. was 0.170.

At trial, Smith admitted that he had been drinking a Corona beer as he drove to the club at approximately 3:00 a.m. He further admitted that he had consumed an alcoholic beverage while at the club which was before the time of the accident, although he stated that he had only a small amount of Moet wine. At trial, Smith changed the story he had related to Officer Reimers and testified

that his attacker had a gun at the time he grabbed the door handle. He further testified that the truck could not be moved after the accident. Smith testified at trial that he had run to a hotel after the accident and called his girlfriend and told her to come over. He testified that he then called 911 and reported what had happened, although there is nothing in the record which corroborates this testimony. Although Smith failed to advise Officer Reimers originally, he testified that his girlfriend arrived before the police and he got into her car and started drinking heavily from a liter bottle of Hennessey cognac which was in her car, because he was nervous.

Smith was convicted on all counts. A motion for new trial was filed, and Smith was represented by new counsel at that hearing. Smith's trial lawyer testified that his failure to request a charge on justification was a trial tactic. He also testified that justification was not a proper charge for DUI. The trial court denied the motion for new trial, indicating that he did not find that the justification charge would have been appropriate insofar as the DUI charges were concerned. He indicated that he had considered whether or not to give a charge on justification as to the failure to maintain lane count, but determined that it was not an appropriate charge under the facts of the case. He indicated that nothing he had heard at the motion for new trial hearing had altered his opinion.

The trial court also indicated it did not find anything faulty with the trial lawyer's representation, and that he would not have been happy to have received a request for a justification charge on the DUI count.

1. Smith contends that he was entitled to a charge on justification pursuant to OCGA § 16-3-20, as this was his sole defense. Smith's trial counsel did not request a charge on justification. We address first the applicability of a justification defense to the open container charge and the DUI charges.

Smith admitted that he had been drinking beer in an open container in his car prior to the incident. He testified that:

Q. And on this night, on this particular occasion on that evening while you were driving, you were drinking a beer.
A. Yes.
Q. So that would be an open container; right?
A. Yes.
Q. And it was in your possession.
A. I admit to that.
Q. Okay. And you admit that you were drinking and driving on that night.
A. Yes.

Trial transcript, p. 128, May 3 and 4, 2000. Smith also admitted that

he had consumed wine at the nightclub prior to the incident, although he contended that the amount was small. As the open container violation occurred prior to the alleged attack by unknown persons, such attack could not factually or legally have created a basis to justify this violation, and no justification charge was warranted on the open container charge.

Having admitted that he had consumed alcoholic beverages before the accident and measuring a 0.170 on the Intoxilyzer 5000 test (an illegal level) it was for the jury to weigh the evidence and determine the credibility of Smith's testimony, including his "cognac" defense. An appellate court does not weigh the evidence. Conflicts in the testimony of witnesses, and their credibility, are matters for the jury to decide. *Ryals*, supra. See *Moore v. State*.[3] The jury obviously rejected much of Smith's testimony and found against him.

Given the fact that Smith admitted drinking alcohol prior to the accident, the jury was free to disbelieve him and to find that his illegal alcohol level was a result of his consumption of alcohol prior to the accident. As the evidence supported a jury determination that Smith was DUI prior to the alleged attack by unknown persons, such attack could not factually or legally have created a basis to justify this violation, and no justification charge was warranted on the DUI charges. Because Smith was not entitled to a justification charge on his DUI and open container convictions, the trial court properly denied Smith's motion for new trial based on the failure to give a justification instruction as to those counts.

2. We next address Smith's claim of ineffective assistance of counsel. A justification charge was not authorized here as to the open container and DUI counts. Smith's trial counsel testified that his trial tactic was to focus on those charges as the most serious. He thought that if he prevailed on the DUI charges, he would win the other issues. He also had reservations about the appropriateness of a justification charge as to the failure to maintain lane charge.

There are two components to a claim for ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the defense was prejudiced by the deficient performance. Both components must be shown before we can find that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Punctuation omitted.) *Whitner v. State*.[4] The trial lawyer was clearly correct in his legal conclusion concerning the inappropriateness of a

---

[3] *Moore v. State*, 246 Ga. App. 163 (539 SE2d 851) (2000).
[4] *Whitner v. State*, 202 Ga. App. 608 (415 SE2d 52) (1992).

justification charge as to the open container and DUI charges. Under the circumstances of this case, the requirement of a justification instruction as to the failure to maintain lane charge was a close call. The trial court shared trial counsel's view of this issue. We cannot say that such conduct rises to the level of ineffective assistance of counsel. See *Strickland v. Washington*.[5]

We therefore affirm the trial court's ruling as to Smith's claim of ineffectiveness of counsel.

3. We next address Smith's enumeration of error on the trial court's failure to give a justification charge pursuant to OCGA § 16-3-20, as to the failure to maintain lane charge. OCGA § 16-3-20 provides in part that "a person's conduct is justified [as] a defense to prosecution *for any crime* based on that conduct." (Emphasis supplied.)

The State argues that Smith was not entitled to a jury charge on the affirmative legal defense of justification on the failure to maintain lane because it is a strict liability crime, in which it is not necessary to establish mens rea, pursuant to *Arnold v. State*[6] and *Hoffer v. State*.[7] In *Queen v. State*,[8] this court held that strict liability statutes can be violated and enforced by a criminal sanction without a showing of mens rea. In *Davis v. City of Peachtree City*,[9] our Supreme Court held that "although it must be shown that the defendant committed the acts or omissions for which he is being held responsible, the requirement of proving mental fault or mens rea is dispensed with." See also *Hoffer*, supra.

Generally, where a defendant asserts an affirmative defense by requesting a justification charge, he admits all of the elements of the crime except intent. See *Hightower v. State*.[10] Where the charge is a strict liability crime, such as a traffic violation, the defendant is still entitled to a justification charge upon a proper evidentiary showing, if he meets the statutory requirements of OCGA § 16-3-20, and the entire charge does not otherwise fairly present the defendant's theory to the jury. In such a case, the defendant admits the conduct, but is not precluded from showing that his actions were justified under OCGA § 16-3-20.

The State's argument that the defense of justification is not available to a defendant charged with a violation of Title 40 is without merit. Our Supreme Court has held that a justification charge

---

[5] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] *Arnold v. State*, 228 Ga. App. 470, 471 (491 SE2d 819) (1997).

[7] *Hoffer v. State*, 192 Ga. App. 378 (384 SE2d 902) (1989).

[8] *Queen v. State*, 189 Ga. App. 161 (375 SE2d 287) (1988).

[9] *Davis v. City of Peachtree City*, 251 Ga. 219, 220, n. 1 (304 SE2d 701) (1983).

[10] *Hightower v. State*, 224 Ga. App. 703, 705 (481 SE2d 867) (1997).

should have been given by the trial court where a driver with a suspended license, a Title 40 violation, had driven his pregnant wife to the doctor's office, as justification was his sole defense. The Court held that even in the absence of a written request, a trial court must instruct the jury on a defendant's sole defense if there is some evidence to support such an instruction. *Tarvestad v. State.*[11] However, the facts must support the charge, and it must be a correct charge for the case. Id.

Where the testimony could support a justification charge, and it is the sole defense, such charge should be given by the trial court whether or not requested by the defendant. Smith's testimony concerning the alleged attack was sufficient to create a jury issue as to his justification defense. We therefore reverse Smith's conviction for failure to maintain lane, based on the trial court's failure to charge the jury on justification, Smith's sole defense to that charge.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 12, 2001.

*Bernard S. Brody*, for appellant.
*Keith C. Martin, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.

---

[11] *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).