## A05A1850. ALSTON v. THE STATE.

(625 SE2d 475)

MILLER, Judge.

Following a jury trial, Marion Alston was convicted on one count of aggravated assault. On appeal he contends that his trial counsel was ineffective and that the trial court erred in failing to give an unrequested jury charge on justification. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Alston kicked in the door of his ex-girlfriend's home and stabbed her 14 times. Three other eyewitnesses confirmed that Alston's attack on the victim was unprovoked. Alston admitted to a police officer that "he did a good job" on the victim when he stabbed her and that he intended to kill her.

Alston testified in his own defense, claiming that he never intentionally stabbed the victim and that the victim's wounds came about as he struggled with her to gain control of a knife that she was wielding. Although trial counsel had made a pretrial request for a jury charge on justification, he withdrew this request after the close of evidence at trial. Following the denial of his motion for new trial, Alston appeals.

1. Alston argues that his trial counsel was ineffective for (a) withdrawing his request for a jury charge on justification and (b) failing to request a jury charge on reckless conduct. We disagree.

To prove ineffective assistance, Alston was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Here, evidence supported the trial court's finding that Alston did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) "Justification is an affirmative defense whereby the defendant admits acting with the intent to inflict an injury, but claims that he did so while in reasonable fear of suffering immediate serious harm to himself or another." (Citation omitted.) *Broussard v. State*, 276 Ga. 216, 216-217 (2) (576 SE2d 883) (2003). By his own testimony, Alston claimed that he did not act with the intent to inflict injury on his ex-girlfriend. Consistent with this testimony, Alston's trial counsel testified at the motion for new trial hearing that he withdrew the charge on justification based on the fact that Alston's trial testimony did not support a justification charge. Since the record reveals that the evidence did not support a charge on justification, trial counsel's

withdrawal of the request does not constitute ineffective assistance. *Smith v. State*, 250 Ga. App. 532, 535-536 (2) (552 SE2d 499) (2001).

Even if a charge on justification had been warranted, moreover, Alston has failed to show a reasonable probability that the result of the proceeding was only different due to counsel's withdrawal of the request to charge on justification. *Smith v. State*, 262 Ga. 480, 481 (422 SE2d 173) (1992).

(b) As Alston testified at trial, and as his trial counsel testified at the motion for new trial hearing, the defense strategy was to portray the stabbing of the ex-girlfriend as an accident. Based on the evidence presented at trial, the incident with the ex-girlfriend was either an accident or an aggravated assault, and a charge on reckless conduct was therefore unwarranted. See *Carter v. State*, 228 Ga. App. 403, 404 (492 SE2d 259) (1997) (trial court properly declined to give instruction on reckless conduct where evidence showed either aggravated assault or no crime at all). Thus trial counsel's failure to request such a charge does not amount to ineffective assistance. See *Smith*, supra, 250 Ga. App. at 535-536 (2) (where evidence does not support charge, failure to request charge is not ineffective assistance).

2. In light of our holding in Division 1 (a), we find no merit to Alston's argument that the trial court erred in failing to give a justification charge sua sponte. See *Smith*, supra, 250 Ga. App. at 535 (1).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 13, 2005 —
RECONSIDERATION DENIED DECEMBER 30, 2005.

*Franklin D. McCrea*, for appellant.
*Stephen D. Kelley, District Attorney, Jan Kennedy, Assistant District Attorney*, for appellee.