## S16A1306. BLACKMON v. THE STATE.
### (793 SE2d 69)

THOMPSON, Chief Justice.

A jury convicted appellant John Blackmon of felony murder and other offenses in connection with the shooting death of Timothy Blalock and the aggravated assault and aggravated battery of Timothy Ghiden.[1] Blackmon appeals from the denial of his motion for new trial, contending that the trial court erred by failing to suppress the results of an impermissibly suggestive photographic lineup, thereby violating his right to due process, and denying his motion for directed verdicts. We find no merit in his claims, but our review of the record reveals that the trial court erred when it failed to sentence him for unlawful possession of a firearm by a convicted felon. Accordingly, we affirm in part, vacate in part, and remand this case for resentencing.

1. Viewed in the light most favorable to the jury's verdicts, the evidence shows that on August 25, 2013, as Blalock and Ghiden parked their car outside a shopping center where Ghiden worked, appellant and other men pulled alongside the vehicle and shot into the vehicle multiple times. Deputy Roget Cook and police officer Kristina Ashby Rowland, who were working security at a restaurant in the same shopping center, were informed of the shooting and ran outside to help. There, they saw a silver- or beige-colored Tahoe driving away and a black Impala that had jumped the curb and come to a stop. Blalock, who was sitting inside the Impala, told Cook he was shot by someone in the truck that drove off. Blalock died at the scene from a gunshot wound to the torso.

Rowland followed a trail of blood leading from the Impala into a tattoo parlor in the same shopping center. There, she found Ghiden suffering from multiple gunshots to his arm. Ghiden told Rowland he knew who shot him, but because of his medical condition, no additional questions were asked. A witness at the scene told officers he saw Blalock and Ghiden in the Impala when a tan Tahoe pulled up beside it. He said two shooters from inside the Tahoe, one with a

---

[1] The crimes occurred on August 25, 2013. On November 26, 2013, a Fulton County grand jury indicted appellant on charges of malice murder, felony murder (two counts), aggravated assault (two counts), aggravated battery (two counts), possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon (two counts). Appellant was tried before a jury May 19-27, 2014, and found guilty of all charges except malice murder, as to which the jury could not reach a verdict. He was sentenced on May 27, 2014, to life in prison plus an additional thirty years. Appellant's motion for new trial was filed on June 3, 2014, and denied on January 28, 2015. He filed a notice of appeal on February 24, 2015, which he amended on May 7, 2015. The case was docketed in this Court for the April 2016 term and submitted for decision on the briefs.

shotgun or rifle and one with an automatic weapon, shot directly at the Impala then sped away.

Ghiden was transported to Grady Memorial Hospital where he told investigators that: (1) a truck blocked in his car in front of the tattoo parlor and a person inside the truck started shouting profanities; (2) the driver of the truck pulled out a black machine gun and started shooting; (3) he did not know the legal name of the person who shot him but this person went by the moniker "Hot Boi John"; and (4) an hour and a half before the shooting, "Hot Boi" and his brother pulled next to Ghiden at a Citgo gas station and pulled out the same black machine gun that was used in the shooting. Ghiden told another investigator he saw the person who shot him but did not want to testify because he feared reprisal. On three occasions, however, Ghiden told this investigator the shooter was "Hot Boi John." During a pre-trial photographic lineup which was videotaped, Ghiden identified appellant as the person he knew as "Hot Boi John" and as the person who shot him. Other evidence presented at trial included a photograph from appellant's Instagram account showing him in possession of the type of assault rifle which matched three shell casings found at the scene and a recording of a jailhouse telephone conversation in which appellant told a friend he had seen a video of Ghiden "snitching" and to "make sure [Ghiden] doesn't come to court. If he doesn't come to court everything will be over with."

We conclude this evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Although, at trial, Ghiden claimed he did not recall identifying appellant in the photographic lineup and affirmatively stated appellant was not the person who shot him, it was for the jury to assess Ghiden's credibility and resolve any conflicts or inconsistencies in his testimony. See *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001).

2. Appellant was found guilty of malice murder and two counts of felony murder, and the trial court properly sentenced him for malice murder. The trial court purported to merge the felony murder counts, which were predicated on charges of aggravated assault and possession of a firearm by a convicted felon, into the malice murder count, but the felony murder counts were vacated by operation of law. Because of the trial court's failure to recognize that the felony murder counts were vacated, it erroneously merged the underlying crime of unlawful possession of a firearm by a convicted felon into the felony murder predicated on that crime. Thus, the trial court failed to sentence appellant for a crime for which he was found guilty and should have been convicted and sentenced. Accordingly, we vacate

that portion of the trial court's sentencing order in which it merged the unlawful possession of a firearm by a convicted felon charge into one of the felony murder charges, and we remand for resentencing. See *Hulett v. State*, 296 Ga. 49, 52-56 (2) (766 SE2d 1) (2014).

3. Appellant contends the trial court erred by admitting evidence of Ghiden's pre-trial identification of appellant because it was the result of an impermissibly suggestive photographic lineup which gave rise to a substantial likelihood of misidentification. He argues the photographic lineup was impermissibly suggestive because he had "larger hair and bigger eyes" than the individuals in the other photos and because Ghiden was under the influence of prescription pain medications when he identified appellant as the person who shot him. We find no merit in his contentions.

It is well established that

> if an out-of-court identification by a witness is so impermissibly suggestive that it could result in a substantial likelihood of misidentification, evidence of that out-of-court identification violates due process and is inadmissible at trial. An identification procedure is not impermissibly suggestive, however, unless it leads the witness to (the virtually) inevitable identification of the defendant as the perpetrator, (and) is the equivalent of the authorities telling the witness, This is our suspect.

(Citations and punctuation omitted.) *Sharp v. State*, 286 Ga. 799, 803 (4) (692 SE2d 325) (2010). "Where the identification procedure is not unduly suggestive, it is not necessary to consider whether there was a substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Williams v. State*, 290 Ga. 533, 536 (2) (a) (722 SE2d 847) (2012). See also *Simmons v. United States*, 390 U. S. 377, 384 (88 SCt 967, 19 LE2d 1247) (1968).

As an initial matter, appellant's claim that Ghiden was under the influence of prescription pain medications at the time he identified appellant in the photographic lineup does not establish that the identification procedure was impermissibly suggestive. This allegation relates to the determination of whether there was a substantial likelihood of misidentification, an issue that arises only *after* a court determines the identification procedure was impermissibly suggestive.[2] See *Clark v. State*, 271 Ga. 6, 12-13 (7) (b) (515 SE2d 155) (1999)

---

[2] Although appellant also claims error based on the trial court's failure to consider whether there was a substantial likelihood of misidentification, the trial court was not required to

(stating that "[t]he taint which renders an identification procedure impermissibly suggestive must come from the method used in the identification procedure" and concluding that evidence of a witness' difficulty in communicating, length of time between shooting and reporting of crime and identification procedure, and witness' acquaintance with victim's family went not to whether identification procedure was impermissibly suggestive, but to credibility of the witness or determination of whether there was a substantial likelihood of misidentification).

Appellant's assertion that his photograph was not sufficiently similar to the others in the array raises a proper challenge to the method of the identification procedure. The array in this case consisted of photographs of appellant and five other males of similar age and with similar physical characteristics and facial features. Our review of the array discloses that any slight variations in the features of the men photographed would not have led Ghiden to the "all but inevitable identification" of appellant as the perpetrator. See *Miller v. State*, 270 Ga. 741, 743 (512 SE2d 272) (1999) (concluding differences in height and facial hair did not make photographic display impermissibly suggestive); *Pinkins v. State*, 300 Ga. App. 17, 20 (684 SE2d 275) (2009) (holding that slight variation in facial features of the men depicted in photographic lineup did not render lineup impermissibly suggestive). Moreover, the videotape evidence shows that Ghiden's identification of appellant was unequivocal and not influenced by the words or actions of detectives. Accordingly, we find no error in the trial court's determination that the identification procedure in this case was not impermissibly suggestive and no merit in appellant's claim, based on the same allegations, that his Fifth Amendment right to a fair trial was violated by the admission of evidence of Ghiden's pre-trial identification.

4. In a related argument, appellant asserts he was entitled to directed verdicts because the State's case depended on Ghiden's pre-trial identification of appellant. In reviewing a trial court's denial of a motion for a directed verdict of acquittal, this Court applies the sufficiency of the evidence standard of *Jackson v. Virginia*, 443 U. S. 307. See *Grant v. State*, 298 Ga. 835, 836 (1) (785 SE2d 285) (2016). The evidence in this case, including evidence of Ghiden's pre-trial identification of appellant as the perpetrator of the crimes, was sufficient to enable a rational trier of fact to find appellant guilty

---

address this question because it determined the identification procedure in this case was not impermissibly suggestive. See *Williams*, 290 Ga. at 535-537 (2) (a); *Butler v. State*, 290 Ga. 412, 415 (3) (721 SE2d 876) (2012).

beyond a reasonable doubt of the charges of which he was convicted. As previously stated, "[i]t was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Citation and punctuation omitted.) *Giddens v. State*, 299 Ga. 109, 111 (1) (b) (786 SE2d 659) (2016). Accordingly, the trial court did not err when it denied appellant's motion for directed verdicts of acquittal.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

## DECIDED OCTOBER 31, 2016.

*Robert L. Sirianni, Jr.*, for appellant.

*Paul L. Howard Jr., District Attorney, Paige Reese Whitaker, Sheila E. Gallow, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mary C. Greaber, Assistant Attorney General*, for appellee.