**FIFTH DIVISION
MCFADDEN, P. J.,
MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 14, 2019**

# In the Court of Appeals of Georgia

A19A0538. HANDY v. THE STATE.

McFADDEN, Presiding Judge.

Melissa Handy was tried before a jury on charges of aggravated assault, cruelty to children in the first degree, and battery. The jury found Handy not guilty of aggravated assault, but found her guilty of cruelty to children in the first degree and battery. The trial court imposed a recidivist sentence of twenty years for cruelty to children and a concurrent twelve-month sentence for battery, ordering Handy to serve three years in confinement and the remaining seventeen years on probation. The trial court denied Handy's motion for a new trial, and she filed this appeal.

Handy claims that there was insufficient evidence to support the cruelty to children conviction; but we find that there was enough evidence from which a rational trier of fact was authorized to find guilt beyond a reasonable doubt. Handy

also claims that the court committed plain error in failing to charge the jury on justification; however, Handy affirmatively waived such a charge. Handy further argues that her trial counsel was ineffective; but she has failed to show that counsel's performance was deficient. And she claims that a law enforcement officer gave an improper expert opinion regarding a cut on the victim's arm; but the officer's testimony regarding his observations was appropriate since an adequate foundation was laid with respect to his experience and training. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

"On appeal from a criminal conviction, the appellate court views the evidence in the light most favorable to the verdict, and [the] appellant no longer enjoys the presumption of innocence." *Walker v. State*, 348 Ga. App. 273 (1) (821 SE2d 567) (2018) (citation and punctuation omitted). "We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the [appellant] guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)." *Rowland v. State*, ___ Ga. App. ___ (1) (Case No. A18A1562, decided February 12, 2019) (citation omitted).

So viewed, the evidence shows that Handy got into an argument with her 16-year-old niece that escalated into a physical altercation when Handy grabbed her niece by the hair. During the fight, Handy punched her niece in the face, threw her to the ground, and sliced her arm with a razor blade or box cutter. The niece suffered bruising and swelling to her face. And the deep cut to her arm bled heavily, required stitches, and resulted in a scar.

OCGA § 16-5-70 (b) provides that a "person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."

> For purposes of this [c]ode section, malice in the legal sense, imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

*Delacruz v. State*, 280 Ga. 392, 395 (3) (627 SE2d 579) (2006) (citation omitted).

In challenging the sufficiency of the evidence supporting her cruelty to children conviction, Handy contends that there is no evidence of malice because the state failed to prove the absence of justification or excuse. Handy points to evidence that

3

her niece was the initial aggressor and argues that she was therefore justified in defending herself from her niece. But there was also conflicting evidence that Handy was the initial aggressor, cursing at her niece and escalating the argument into a physical altercation by pulling the victim's hair and punching her. Moreover, there was no evidence that the victim used a weapon during the altercation; instead, the evidence showed that only Handy used a razor blade or a box cutter to cut the victim during the fight.

While there may have been conflicts in the evidence as to who was the initial aggressor and who escalated the incident from a verbal argument to a physical fight, "any such conflicts or inconsistencies were matters for the jury to resolve." *Rowland*, supra at ___ (1) (citation omitted). The jury was authorized to resolve those conflicts against Handy and find from the evidence that she was not justified in harming her niece by striking her face and cutting her arm as alleged in the indictment. "Given [the evidence that Handy punched her niece in the face and used a weapon to cut her arm], we find no lack of evidence of malice." *Sims v. State*, 234 Ga. App. 678, 681 (1) (b) (507 SE2d 845) (1998). "Accordingly, we conclude that, based upon this evidence, a rational trier of fact could find sufficient malice to find [Handy] guilty beyond a reasonable doubt of cruelty to children[.]" *Hill v. State*, 243 Ga. App. 614,

4

617 (533 SE2d 779) (2000) (citation omitted). See also *Bunn v. State*, 307 Ga. App. 381, 383-384 (1) (b) (705 SE2d 180) (2010).

2. *Justification.*

In a single enumeration of error, Handy claims that the trial court erred in failing to consider a directed verdict based upon justification and in failing to give a jury charge on justification. The claims are without merit.

(a) *Directed verdict.*

Contrary to Handy's contention, the record does not show that the court failed to consider justification when ruling upon Handy's directed verdict motion. The trial transcript shows that the judge mentioned that a defendant must admit the crime in order to get a jury charge on justification, but the judge did not state that he was refusing to consider the issue of justification in denying the motion. Regardless, "the question of self-defense [or justification] is to be determined by the jury when there is conflicting evidence on the issue." *Campbell v. State*, 258 Ga. App. 863, 866 (575 SE2d 748) (2002) (citation omitted). In this case, there was, at the very least, conflicting evidence on the issue, and therefore a directed verdict would not have been authorized. "In reviewing a trial court's denial of a motion for a directed verdict of acquittal, [the appellate court] applies the sufficiency of the evidence standard of

5

*Jackson v. Virginia*, [supra]." *Blackmon v. State*, 300 Ga. 35, 38 (4) (793 SE2d 69) (2016) (citation omitted). Since the evidence, as recounted above, was sufficient to support the jury's verdict, the trial court did not err in denying the motion for a directed verdict of acquittal.

(b) *Jury charge.*

Handy contends that the trial court erred in failing to give a jury charge on justification because there was some evidence that she acted in self-defense. Handy concedes that she raised no such objection in the trial court and thus asks us to review the jury charge for plain error. But in order for us "to review the jury charge for plain error, the accused must not have affirmatively waived the alleged error or defect. To constitute an affirmative waiver, the alleged deviation from a legal rule must have been intentionally relinquished or abandoned. " *Faust v. State*, 302 Ga. 211, 215 (3) (805 SE2d 826) (2017) (citations omitted).

Here, the record shows that no self-defense charge was requested and at the charge conference, when the judge raised the issue, counsel for Handy indicated that no such charge was needed because their "defense [was] that Ms. Handy did not assault [the victim], and so we won't be admitting anything, we're not claiming justification." Likewise, at the motion for new trial hearing, trial counsel reiterated

6

that the defense theory was not justification, but was that Handy had not committed the alleged acts. "Based on this record, even if the failure to give a [jury] charge on [justification] were plain error, [Handy] invited that error, and any contention of plain error has been waived for review." *Faust*, supra (footnote and citations omitted). "Appellant cannot be heard to complain about any alleged error, including plain error, which [her] actions engendered." *Taylor v. State*, 302 Ga. 176, 181 (4) (805 SE2d 851) (2017) (citations omitted). See also *Brown v. State*, 298 Ga. 880, 882 (3) (785 SE2d 512) (2016) (appellant waived plain error review of justification jury charge); *Ashley v. State*, 340 Ga. App. 539, 543 (4) (798 SE2d 235) (2017) (appellant waived plain error review of omitted jury charge).

3. *Ineffective assistance of counsel.*

Handy claims that her trial counsel was ineffective in failing to request a jury charge on justification. We disagree.

> Under *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that [her] trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. If an appellant fails to meet

7

his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.

*Russell v. State*, 319 Ga. App. 472, 476 (3) (735 SE2d 797) (2012) (citations and punctuation omitted). Handy has failed to show that her counsel's performance was deficient.

"An affirmative defense is one in which the defendant admits the act but seeks to justify, excuse, or mitigate it. The defendant must admit the crime before he can raise the defense." *Code v. State*, 255 Ga. App. 432, 434 (4), 565 SE2d 477 (2002). See also *McClure v. State*, 347 Ga. App. 68, 70 (2), 815 SE 2d 313, 316 (2018), reconsideration denied (July 17, 2018), cert. granted (Feb. 18, 2019) ("[Affirmative] defenses require a defendant to admit all of the elements of the crime except intent[.]"]").[1] "Here, [Handy] did not admit committing any of the offenses with which

[1]We note that the Georgia Supreme Court has granted a petition for certiorari in *McClure v. State*, 347 Ga. App. 68 (815 SE2d 313) (2018), in order to decide "[w]hat, if anything, a criminal defendant must admit in order to raise an affirmative defense[.]" *McClure v. State*, 2019 Ga. LEXIS 117 (2019). But even if the Supreme Court renders an opinion changing the existing law on that issue, it would not impact our analysis of the effectiveness of trial counsel's performance in the instant case as "there is no general duty on the part of defense counsel to anticipate changes in the law[.]" *Lyman v. State*, 301 Ga. 312, 321 (3) (a) (800 SE2d 333) (2017) (citation omitted). See also *Rhoden v. State*, 303 Ga. 482, 486 (2) (a) (813 SE2d 375) (2018) (counsel is not obligated to argue beyond existing precedent and there is no requirement that an attorney prognosticate future law in order to render effective representation).

[she] was charged." *Pierre v. State*, 330 Ga. App. 782, 785 (2) (769 SE2d 533) (2015) (citations, punctuation, and footnote omitted).

Moreover, as counsel stated at trial and clarified during the motion for new trial hearing, the defense theory was not justification, but was that Handy had not committed the alleged acts. "Generally, counsel's decision as to which theory of defense to pursue is considered strategic and cannot serve as the basis for an ineffective assistance claim." *Jackson v. State*, 306 Ga. App. 33, 39 (2) (c) (701 SE2d 481) (2010) (citation and punctuation omitted). "Although another lawyer may have conducted the trial differently, this does not mean that [Handy] did not receive a vigorous and complete defense. In fact, [Handy] was acquitted [of one] of the serious crimes[, aggravated assault], for which [she] was being tried." *Mosely v. State*, 267 Ga. App. 275, 279 (2) (599 SE2d 252) (2004) (citation and punctuation omitted). Under these circumstances, we conclude that "trial counsel's failure to request [a justification charge] does not constitute ineffective assistance." *Pierre*, supra at 786 (2) (citations omitted). See also *Boccia v. State*, 335 Ga. App. 687, 693 (1) (b) (ii) (782 SE2d 792) (2016) (counsel was not ineffective in failing to request self-defense jury instruction where, among other things, defendant did not admit the acts charged).

4. *Officer's opinion testimony.*

9

Handy claims that the trial court erred in allowing a law enforcement officer, who was not tendered as an expert witness, to give his opinion that the cut to the victim's arm looked like a knife wound. The claim is without merit.

> Georgia's new Evidence Code permits lay witness testimony in the form of opinions or inferences that are rationally based on the witness's perception, helpful to a clear understanding of the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge. OCGA § 24-7-701 (a). That rule is modeled on Federal Rule of Evidence 701 (a), and when we consider the meaning of such provisions, we look to decisions of the federal appellate courts construing and applying the Federal Rules, especially the decisions of the United States Supreme Court and the Eleventh Circuit.

*Glenn v. State*, 302 Ga. 276, 279-280 (II) (806 SE2d 564) (2017) (citation and punctuation omitted).

Here, the officer testified that on the night of the incident he went to the hospital in response to a call about a victim with a knife wound on her arm, that he observed and photographed the cut on the victim's arm, and that it looked like a knife wound because it was "one clean slice" and was very similar to knife wounds he had dealt with in his experience. The officer further opined that the wound could be from a box cutter or other cutting tool.

> It is clear that [the officer's] testimony qualified [as a lay witness opinion] under [OCGA § 24-7-701] and did not constitute [an] expert opinion[.] Just because [the officer's] position and experience could

10

have qualified him for expert witness status does not mean that any testimony he gives at trial is considered expert testimony. In this case, [the officer] made layperson observations about the [cut] and knife, and therefore he did not provide expert testimony[.]

*United States v. Lecroy*, 441 F3d. 914, 927 (II) (F) (11th Cir. 2006) (punctuation omitted) (finding that crime scene specialist's testimony that stain on shirt appeared to have been made by wiping a bloody knife on shirt constituted lay witness opinion). Accordingly, Handy has failed to show reversible error with respect to the officer's testimony.

*Judgment affirmed. McMillian and Goss, JJ., concur.*