306 Ga. 856
FINAL COPY

S18G1599.  McCLURE v. THE STATE.

ELLINGTON, Justice.

Following a jury trial, Carlos Richard McClure was found guilty of two counts of aggravated assault, see OCGA § 16-5-21 (a) (2),[1] based on an indictment that charged him with assaulting Armando Cuevas and Jamie Thun with a lever-action BB rifle by aiming the gun at them. McClure requested that the jury be instructed on the affirmative defenses of justification in defense of self and justification in defense of habitation. The trial court refused to give the requested instructions on justification on the basis that McClure, who testified that he carried the BB gun during an encounter with the victims but denied pointing the gun at them, could not both deny that he performed the act of pointing the gun at

---

[1] OCGA § 16-5-21 (a) (2) provides, in pertinent part: "A person commits the offense of aggravated assault when he or she assaults . . . with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]"

someone and at the same time argue that he was justified in performing that act. On appeal, the Court of Appeals affirmed, reasoning that, because McClure did not admit to aiming the BB gun at the victims, an element of aggravated assault as charged, he was not entitled to an instruction on any affirmative defense. *McClure v. State*, 347 Ga. App. 68, 70-71 (2) (815 SE2d 313) (2018).

McClure petitioned for a writ of certiorari, and this Court granted his petition to consider the following questions:

> What, if anything, must a criminal defendant admit in order to raise an affirmative defense? Must the defendant make any such admissions for all purposes or only for more limited purposes?

As will be more fully explained below, an affirmative defense is one in which the defendant argues that, even if the allegations of the indictment or accusation are true, there are circumstances that support a determination that he cannot or should not be held criminally liable. In raising an affirmative defense, the defendant asks the finder of fact to find him not guilty of the offense charged regardless of whether he committed the underlying act.

Circumstances that can support a determination that the defendant cannot or should not be held criminally liable include, but are not limited to, those that justify or excuse the prohibited act alleged. A defendant may assert alternative affirmative defenses and may assert one or more affirmative defenses while also arguing that the State failed to carry its burden of proving every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. In asserting an affirmative defense, a criminal defendant may accept *for the sake of argument* that the evidence authorizes a finding that he committed the act alleged in the charge at issue. Based on these principles, we answer the certiorari questions as follows:

> A criminal defendant is not required to "admit" anything, in the sense of acknowledging that any particular facts are true, in order to raise an affirmative defense. To the extent a defendant in raising an affirmative defense accepts for the sake of argument that he committed the act alleged in a charge, the defendant may do so only for the limited purpose of raising the affirmative defense at issue.

1. Under Georgia law, many, but not all, affirmative defenses

3

are statutory and are set out in Chapter 3 of Georgia's Criminal Code (Title 16).[2] Title 16 includes the term "affirmative defense" in its list of definitions that apply generally throughout the Criminal Code. OCGA § 16-1-3 (1) provides in pertinent part: "'Affirmative defense' means, with respect to any affirmative defense authorized in [Title 16], unless the state's evidence raises the issue invoking the alleged defense, the defendant must present evidence thereon to raise the issue." This provision defines "affirmative defense" only in terms of the defendant's burden of production.[3] As we have

---

[2] See OCGA § 16-3-1 et seq. See OCGA § 16-3-28 ("A defense based upon any of the provisions of [Title 16, Chapter 3, Article 2] is an affirmative defense."); see also OCGA § 16-1-3 (1) ("The enumeration in [Title 16] of some affirmative defenses shall not be construed as excluding the existence of others.").

[3] See *Adams v. State*, 288 Ga. 695, 697 (1) (707 SE2d 359) (2011) ("The responsibility of producing evidence of an affirmative defense and the burden of persuasion by proof beyond a reasonable doubt are two distinct and separate concepts. The [burden of production] is placed squarely on the defendant unless the state's evidence raised the issue." (citation and punctuation omitted)); *Taylor v. State*, 252 Ga. 125, 127 (2) (312 SE2d 311) (1984) (approving the following jury instruction: "With respect to an affirmative defense . . . , unless the State's evidence raised the issue involving the alleged defense, the defendant, to raise the issue, must present evidence thereon. But once an issue of affirmative defense is raised, the burden of proof rests upon the State as to such issue, as it does with respect to all other issues in the case."); *State v. Moore*, 237 Ga. 269, 270 (1) (227 SE2d 241) (1976) (prohibiting jury instructions that place any burden of persuasion upon the defendant in criminal cases).

4

explained,

> [t]his rule of affirmative defenses authorized in the Criminal Code follows the general rule in this [S]tate that, "If the defense is made out by the witnesses on the part of the prosecution, then the defendant need not call any; but if not, then the defendant must call witnesses, and make out his defense by proof."

*Chandle v. State,* 230 Ga. 574, 576 (3) (198 SE2d 289) (1973), quoting *Crawford v. State*, 12 Ga. 142, 149 (5) (1852) (citations and punctuation omitted). In other words, to raise an affirmative defense under Title 16, the defendant must present evidence supporting the affirmative defense only if the State's evidence does not support the defense.

For matters other than the burden of production, Georgia courts have often defined an "affirmative defense" as a defense "that *admits the doing of the act charged*, but seeks to justify, excuse, or mitigate it." *Williams v. State*, 297 Ga. 460, 464 (3) (773 SE2d 213) (2015) (citation and punctuation omitted; emphasis supplied).[4] In

---

[4] Compare Black's Law Dictionary (11th ed. 2019) (An "affirmative defense" is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.").

*Williams*, we noted that "the first articulation" in Georgia jurisprudence of this principle "in its current form" was "taken from a definition that appeared at [former] 21 AmJur2d 204, § 135," citing *Chandle*, 230 Ga. at 576 (3). *Williams*, 297 Ga. at 465 (3) n.4. As we noted in *Williams*, this definition of "affirmative defense" appears in Georgia's pattern jury instructions[5] and has been approved in multiple opinions of our appellate courts since our decision in *Chandle*. Id. at 465 (3).

But, as then-Presiding Judge McFadden observed in his partial dissent in *McClure*, defining an affirmative defense as a defense that "admits" the doing of the act charged does not explain whether the "admission" necessary to an affirmative defense is a legal admission that is binding upon the defendant[6] or merely a nonbinding

[5] See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.00.00 (4th ed. 2007, updated January 2019).

[6] See Black's Law Dictionary (11th ed. 2019) (An "admission" is "[a] statement in which someone admits that something is true or that he or she has done something wrong; [especially], any statement or assertion made by a party to a case and offered against that party; an acknowledgment that facts are true."); OCGA §§ 24-8-801 (d) (2) (An out-of-court admission of a party shall not be excluded by the hearsay rule.); 24-8-821 (Either party may avail himself

6

assumption of facts for the sake of argument. 347 Ga. App. at 73 (1) (McFadden, P. J., dissenting in part). Commentary surrounding the definition in the American Jurisprudence treatise from which the language quoted in *Chandle* was drawn suggests that, when a defendant raises or asserts an affirmative defense, "admit[ting] the doing of the act charged" does *not* entail stipulating to the truth of the facts alleged in the indictment or accusation:

> An affirmative defense is defined as a matter which, *assuming the charge against the accused to be true*, constitutes a defense to it; an "affirmative defense" does not directly challenge any element of the offense. Otherwise stated, an affirmative defense is one that admits the doing of the act charged, but seeks to justify, excuse, or mitigate it. . . . [A]n affirmative defense goes beyond the elements of the offense to prove facts which somehow remove the defendant from the statutory threat of criminal liability.

21 AmJur2d Criminal Law § 177 (2d ed.) (formerly 21 AmJur2d § 135) (citations omitted; emphasis supplied). Stated another way, in raising an affirmative defense, a defendant argues that he should be acquitted of the offense regardless of whether he committed the act

---

or herself of allegations or admissions made in the pleadings of the other party.).

charged because of circumstances other than those that make out the material allegations of the charging instrument.[7] Some affirmative defenses reflect a policy determination that persons with certain characteristics should not be punished for acts that would otherwise bring consequences, including persons who, at the time of the act, are too young or lack the mental capacity to be held responsible.[8] Perhaps the most used affirmative defenses are those

[7] By contrast, a defense such as alibi *does* directly challenge elements of the offense. See OCGA § 16-3-40 ("The defense of alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission."); *Rivers v. State*, 250 Ga. 288, 300 (8) (298 SE2d 10) (1982) ("[T]he true effect of an alibi defense is to traverse the state's proof that the defendant committed the crime."); *Wright v. State*, 169 Ga. App. 693, 697 (2) (314 SE2d 709) (1984) ("Although alibi has often been treated as an affirmative defense, it is not truly an independent affirmative defense. It is simply evidence in support of a defendant's plea of not guilty, and should be treated merely as evidence tending to disprove one of the essential factors in the case of the prosecution, that is, presence of the defendant at the time and place of the alleged crime." (citation and punctuation omitted)).

[8] OCGA §§ 16-3-1 (accused person younger than 13 years old at the time of the crime shall not be considered or found guilty); 16-3-2 (accused person who lacked the mental capacity to distinguish between right and wrong in relation to the prohibited act shall not be found guilty); 16-3-3 (accused person who acted as he did because of a delusional compulsion as to the prohibited act which overmastered his will to resist committing the crime shall not be found guilty); 16-3-4 (a) (accused person who, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong in relation to the prohibited act shall not be found guilty). As we have explained, the modern iteration of the infancy defense, OCGA § 16-3-1, does not actually provide that any person is "*incapable* of performing an act which is designated

8

where the circumstances are deemed to justify or excuse the commission of the prohibited act.[9]

Criminal defendants, like other litigants, are entitled to pursue alternative theories, even when those theories are inconsistent.[10] As then-Presiding Judge McFadden pointed out in *McClure*, requiring a defendant to admit the crime for all purposes in order to raise an

a crime under the laws of Georgia" but "simply raises a defense" for children under 13 "because of the social desirability of protecting" them "from the consequences of criminal guilt." *Adams*, 288 Ga. at 696-697 (1) (citations and punctuation omitted; emphasis in original).

[9] OCGA §§ 16-3-20 ("The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct."); 16-3-21 (justified use of force in defense of oneself or another); 16-3-23 (justified use of force in defense of habitation); 16-3-24 (justified use of force in defense of property); 16-3-25 (entrapment as a defense); 16-3-26 (coercion as a defense). See also OCGA § 16-3-20 (6) (The defense of justification can be claimed "[i]n all other instances which stand upon the same footing of reason and justice as those enumerated" in Title 16, Chapter 3, Article 2.).

[10] See *Shah v. State*, 300 Ga. 14, 22 (2) (b) (793 SE2d 81) (2016) (A criminal defendant may "offer dissonant defense theories."); *Gregoroff v. State*, 248 Ga. 667, 670 (285 SE2d 537) (1982) ("[T]he general rule [is] that an accused is permitted to interpose inconsistent defenses in a criminal case." (citation and footnote omitted)); OCGA § 9-11-8 (e) (2) ("A party [in a civil case] may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. . . . A party may also state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or on equitable grounds or on both."); see also *Mathews v. United States*, 485 U. S. 58, 63-64 (108 SCt 883, 99 LE2d 54) (1988) (A defendant has the right both to deny the offense or an element thereof and to rely on an affirmative defense which presupposes the commission of the crime.).

9

affirmative defense and secure a jury instruction "creates practical quandaries for defendants who, like McClure, have both a viable claim that he committed no crime and a viable claim that, if the jury believes him to have committed a crime, the act was justifiable or subject to another affirmative defense." 347 Ga. App. at 77-78 (1) (McFadden, P. J., dissenting in part). The limited nature of an "admission" for purposes of raising an affirmative defense is illustrated by cases involving a shooting death where the defendant raises the alternative defenses of accident and self-defense.[11] By asserting the affirmative defense of justification, the defendant accepts for the sake of argument that the jury could find that he fired the gun at the victim intentionally but asks the jury to conclude that his use of force against the victim was justified by a reasonable belief that such force was necessary to defend himself against the

---

[11] See *Turner v. State*, 262 Ga. 359, 360 (2) (b) (418 SE2d 52) (1992) ("Generally, either accident or self defense will be involved in a case, but not both. However, the facts of a case will, at times, present a situation where a party who is armed with a weapon contends that while he was defending himself from another party, his weapon accidentally discharged and killed that other party." (footnote omitted)).

10

victim's imminent use of unlawful force. By asserting the defense of accident, on the other hand, the defendant does not "admit" intentionally firing the gun at the victim; rather he accepts for the sake of argument only that he caused the victim's fatal gunshot injuries and asks the jury to conclude that he did so accidentally.[12] By asserting the alternative defenses of accident and justification in this scenario, the defendant in essence tells the jury, "I didn't mean to shoot the victim. But if you find that I shot him intentionally, I was justified in doing so, because it was the only way to stop him from seriously injuring me." This type of argument in the alternative is entirely permissible under such circumstances. See *Williams*, 297 Ga. at 461-462 (2).

As cases involving both accident and justification illustrate, the key procedural moment in asserting an affirmative defense will

---

[12] See OCGA § 16-2-2 ("A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."); see also OCGA § 1-3-3 (2) (under Georgia law, an "accident" is "an event which takes place without one's foresight or expectation or design"); *Shah*, 300 Ga. at 22-23 (2) (b).

often be securing the trial court's approval of relevant jury instructions so that counsel can argue the affirmative defense to the jury. In one such case, *Turner v. State*, 262 Ga. 359 (418 SE2d 52) (1992), we held that, "[w]here the court finds evidence of the involvement of [two distinct affirmative defenses], and there has been a timely request for instruction as to both, the court should charge the jury as to both. The defendant should not be forced to elect between the two" affirmative defenses. Id. at 361 (2) (c) (citation omitted).[13] In that case, the defendant, who testified that

---

[13] See also *Shah*, 300 Ga. at 22 (2) (b) (Where "the evidence supports alternative [defense] theories, neither the State nor the trial court is authorized to preclude the jury from considering them."); *Koritta v. State*, 263 Ga. 703, 705 (438 SE2d 68) (1994) (Where there is evidence "to support a finding that [a] shooting was either accidental or justified, it [is] for the jury, under proper instruction, to determine the truth from among the conflicting available inferences." (footnote omitted)); *Price v. State*, 289 Ga. 459, 459-461 (2) (712 SE2d 828) (2011) (Where a defendant charged with burglary testified that he believed a house he entered was open to him as an interested buyer, he was not required to admit having any intent to commit a theft inside the house in order to be entitled to a jury instruction on his affirmative defense of a mistake of fact.); *Gregoroff*, 248 Ga. at 671-672 (Where the State's case showed evidence of entrapment, and the defense was that the defendant did not commit the crime, the defendant was not required to admit the commission of the crime in order to be entitled to an instruction on entrapment, because "[a] criminal defendant should not forfeit what may be a valid defense, nor should the court ignore what may be improper conduct by law enforcement officers, merely because the defendant elected to put the government to its proof." (citation and punctuation omitted)).

his gun accidentally discharged during a struggle when he was defending himself from the victim's knife attack, requested jury instructions on both accident and justification. Id. at 359-360 (2) (a). The trial court gave an instruction on justification, but refused to give one on accident. Id. at 360 (2) (a). The case of *Koritta v. State*, 263 Ga. 703 (438 SE2d 68) (1994), presented the mirror situation — the trial court gave a requested instruction on accident but refused to give one on justification. In that case, the defendant testified that the victim was drunkenly playing with the defendant's loaded gun; the defendant believed that he and his children were at risk of being shot; the defendant got control of the gun; the victim threatened the defendant and came at him as if to strike him; and the gun went off as the defendant turned his body to ward off the anticipated blow. Id. at 704. In both *Turner* and *Koritta,* we determined that instructions on *both* accident and justification were warranted by the evidence, and it was harmful error to give one but not the other.

13

*Koritta*, 263 Ga. at 705; *Turner*, 262 Ga. at 360-361 (2) (b), (c).[14]

Trial court error in rejecting requested and applicable affirmative defense instructions may be compounded by prosecutorial argument. In *Williams*, the prosecutor argued that the affirmative defense of justification was not, *as a matter of law*, available to the defendant, who testified that he only fired a warning shot above the victim, because he did not admit that he fired the shot that struck and killed the victim. 297 Ga. at 461-462 (2). We determined that the prosecutor's argument misstated the law because the defendant could pursue the seemingly contradictory

---

[14] In *Koritta*, we explained:

> Where a defendant testifies that he did not intend to kill the victim, but the victim was killed by an act of the defendant committed while the defendant was engaged in an intentional attempt to protect himself and others from death or great bodily harm at the hands of the victim, a charge on justification is appropriate since the acts immediately preceding the allegedly unintentional homicide were intentional, forcible and self-defensive.

263 Ga. at 705; see also *Hudson v. State*, 284 Ga. 595, 597 (4) (669 SE2d 94) (2008) (Where the defendant testified that her husband was threatening her and that she used the knife to force him to get back, and also testified that she did not mean to stab him and that she did not understand how the knife became lodged in his chest, the evidence supported instructions on both self-defense and accident.).

defenses of lack of causation and self-defense, so long as some evidence supported each theory. Id. at 463 (2). That is, the defendant could deny firing the fatal shot for the purpose of his lack-of-causation defense even if he "admitted" the act for the sake of argument in raising and presenting his affirmative defense of justification. Although the trial court gave both jury instructions and we found that the prosecutor's argument was harmless under the circumstances, we noted that the prosecutor's incorrect statement of the law could "potentially mislead the jury." Id. See also *McLean v. State*, 297 Ga. 81, 83 (2) (772 SE2d 685) (2015) ("The existence of an alternative defense does not change the fact that the defendant admits the charged act *for purposes of raising and presenting his affirmative defense, even if he denies it for other purposes*." (emphasis supplied)).

As is the case generally, "[t]o authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge." *Garner v. State*, 303 Ga. 788, 790 (2) (815 SE2d 36)

(2018) (citation and punctuation omitted).[15] And the defendant need not present evidence to support the theory of an affirmative defense if the State's evidence raises the issue. *Adams v. State*, 288 Ga. 695, 697 (1) (707 SE2d 359) (2011); *Chandle,* 230 Ga. at 576 (3); OCGA § 16-1-3 (1). "Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." *Garner*, 303 Ga. at 790 (2) (citation and punctuation omitted).[16]

In summary, in order to raise an affirmative defense, a criminal defendant need not "admit" anything, in the sense of acknowledging that any facts alleged in the indictment or accusation are true. Rather, in asserting an affirmative defense, a defendant

---

[15] See also *Koritta*, 263 Ga. at 704-705 ("Slight evidence is sufficient to authorize a charge on a subject. The evidence necessary to justify a jury charge need only be enough to enable the trier of fact to carry on a legitimate process of reasoning." (citation omitted)); *Brown v. Matthews*, 79 Ga. 1, 8 (2) (4 SE 13) (1887) (To warrant a jury instruction on a given topic, "it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. . . . Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts."). Compare *Broussard v. State*, 276 Ga. 216, 216-217 (2) (576 SE2d 883) (2003) (Where no construction of the evidence would support a finding that the defendant shot in self-defense, the trial court properly refused to charge on that affirmative defense.).

[16] See also *Turner*, 262 Ga. at 361 (2) (c) (Whether both accident and self-defense are involved in a case "is initially a question of law for the trial court.").

may accept certain facts as true for the sake of argument, and the defendant may do so for the limited purpose of raising the specific affirmative defense at issue. A defendant is entitled to a requested jury instruction regarding an affirmative defense when at least slight evidence supports the theory of the charge, whether in the State's evidence or evidence presented by the defendant, and regardless of whether the theory of the affirmative defense conflicts with any other theory being advanced by the defendant. It follows that a trial court errs in denying a defendant's request for a jury instruction on an affirmative defense solely on the basis that the defendant did not admit for all purposes the truth of the allegations in the indictment or accusation regarding the allegedly unlawful act. Appellate decisions affirming such rulings, where the affirmative defense was supported by at least slight evidence, are hereby overruled to that extent.[17]

---

[17] Among the overruled cases are the following: *Curtis v. State*, 285 Ga. App. 298, 301 (1) (b) (645 SE2d 705) (2007) (The trial court refused to give a requested jury instruction that one may resist unlawful arrest with reasonably necessary force, because the defendant, who was charged with misdemeanor

17

battery on a police officer, denied that she ever touched the officer or otherwise resisted arrest, where there was evidence that the defendant grabbed the officer by the jacket and struggled against the officer as she tried to restrain the defendant.); *Frasard v. State*, 278 Ga. App. 352, 357 (3) (629 SE2d 53) (2006) (The trial court refused to give a requested jury instruction on justification because the defendant, who was cited for aggressive driving, did not admit that he drove aggressively, where the defendant testified and argued that he was authorized to honk his horn at a car that was traveling 5 mph in a 30 mph zone pursuant to OCGA § 40-8-70, which forbids using a motor vehicle's horn when upon a highway except when it is reasonably necessary to ensure safe operation.); *Rutland v. State*, 282 Ga. App. 728, 730 (1) (639 SE2d 628) (2006) (The trial court refused to give a requested jury instruction on accident because the defendant, who was charged with reckless driving, did not admit to driving recklessly, where the defendant's passenger testified that the defendant's car had spun out of control because it had begun to hydroplane without warning.).

The principle, enunciated in *Hightower v. State*, 224 Ga. App. 703, 704 (2) (481 SE2d 867) (1997), that affirmative defenses require that the defendant "admit the crime" before he can raise such defense is incorrect. Statements in cases that a "defendant must admit the crime before he can raise an affirmative defense," or words to that effect, are therefore disapproved in that respect. See *Hicks v. State*, 287 Ga. 260, 262 (2) (695 SE2d 195) (2010) ("[A]ffirmative defenses require[ ] that the defendant admit the crime before he can raise such defense." (citation and punctuation omitted)); *Handy v. State*, 350 Ga. App. 490, 493 (3) (829 SE2d 635) (2019); *Danley v. State*, 342 Ga. App. 61, 67 (5) (802 SE2d 851) (2017); *Lopez v. State*, 332 Ga. App. 763, 766 (2) (774 SE2d 802) (2015); *Pierre v. State*, 330 Ga. App. 782, 785 (2) n.13 (769 SE2d 533) (2015); *Coats v. State*, 303 Ga. App. 818, 823 (3) (695 SE2d 285) (2010); *Martin v. State*, 300 Ga. App. 419, 421 (4) (685 SE2d 399) (2009); *Brower v. State*, 298 Ga. App. 699, 702 (1) (680 SE2d 859) (2009); *Burrowes v. State*, 296 Ga. App. 629, 632 (3) (675 SE2d 518) (2009); *Burnette v. State*, 291 Ga. App. 504, 511 (2) (662 SE2d 272) (2008); *London v. State*, 289 Ga. App. 17, 19 (1) (656 SE2d 180) (2007); *Maxey v. State*, 272 Ga. App. 800, 802 (1) (613 SE2d 236) (2005); *McPetrie v. State*, 263 Ga. App. 85, 88 (2) (587 SE2d 233) (2003); *Code v. State*, 255 Ga. App. 432, 434 (4) (565 SE2d 477) (2002); *Green v. State*, 240 Ga. App. 774, 776 (1) (525 SE2d 154) (1999); *Hightower*, 224 Ga. App. at 704 (2). Similarly, cases referring in other terms to required "admissions" by a defendant in the context of jury instructions on affirmative defenses should not be misread to contradict our holdings today. See *Kellam v. State*, 298 Ga. 520,

As noted above, this Court has held that the following jury instruction is a correct statement of Georgia law:

> An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. Once an affirmative defense . . . is raised, the burden is on the State to disprove it beyond a reasonable doubt.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 3.00.00 (4th ed., 2007, updated January 2019).[18] Because the phrase "admits the doing of the act charged" can easily be misinterpreted, see *Williams*, 297 Ga. at 463 (2), wording more in line with our

---

522 (2) (783 SE2d 117) (2016) ("[I]f a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled to a charge on the defense of accident." (citation and punctuation omitted)); *Smith v. State*, 296 Ga. 116, 119-120 (2) (765 SE2d 328) (2014) ("[A]n affirmative defense of accident generally requires an admission by the defendant [who is charged with murder] that she committed the act that caused the victim's death."); *Mangrum v. State*, 285 Ga. 676, 680 (6) (681 SE2d 130) (2009) ("[I]f a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled to a charge on the defense of accident." (citation and punctuation omitted)); *Ojemuyiwa v. State*, 285 Ga. App. 617, 619-620 (1) (647 SE2d 598) (2007) ("With a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent." (citation and punctuation omitted)).

[18] See *McNeal v. State*, 302 Ga. 222, 224 (2) (805 SE2d 820) (2017); *Williams*, 297 Ga. at 465 (3); *McLean*, 297 Ga. at 82-83 (2); *Brown v. State*, 267 Ga. 350, 351 (2) (478 SE2d 129) (1996); *Fields v. State*, 258 Ga. 595, 596 (2) (372 SE2d 811) (1988); *Taylor*, 252 Ga. at 127 (2).

analysis herein would be advisable.

We will now apply these principles to the case before us.

2. McClure contends that he was entitled to his requested jury instructions on justification despite the fact that he did not admit pointing the BB gun at the victims. As noted above, the trial court refused to give the requested instructions on justification on the basis that McClure could not both deny that he pointed the gun at the victims as alleged in the indictment and at the same time argue that he was justified in doing so. Under the principles explained in Division 1, supra, the trial court's ruling was incorrect. As long as the theory of the affirmative defense was supported by at least slight evidence, McClure was entitled to argue both that the State failed to carry its burden of proving that he assaulted the victims by pointing the gun at them, a material allegation of the indictment, and also argue in the alternative that, if the jury credited the victims' testimony that he pointed the gun at them over his testimony that he did not do so, the evidence nevertheless showed that he was justified in that act. The Court of Appeals erred in

20

affirming the trial court's failure to give the requested jury instructions on justification solely on the basis that McClure did not admit pointing the BB gun at the victims.

Accordingly, we vacate the judgment and remand to the Court of Appeals for consideration of whether the trial court erred in failing to give the requested instructions regarding the affirmative defenses of justification, that is, whether the theory of the instructions was supported by at least slight evidence, and, if so, whether any such instructional error was harmful. See *Shah v. State*, 300 Ga. 14, 21 (2) (b) (793 SE2d 81) (2016).

*Judgment vacated and case remanded. All the Justices concur, except Nahmias, P. J., who concurs specially.*

NAHMIAS, Presiding Justice, concurring specially.

I concur fully in the Court's opinion, which clarifies when a defendant may obtain a jury instruction on an affirmative defense and reaffirms that the law allows a defendant to present inconsistent defenses so long as each defense is supported by at least slight evidence. It is important to recognize, however, that what the law *allows* may be bad *strategy* for a defendant. Presenting inconsistent defenses to the jury, particularly when the evidentiary support for one defense is considerably weaker than for others or where a defense is contradicted by the defendant's own account of events, risks losing credibility for *all* of the defenses. Thus, a decision by defense counsel to forgo the option of presenting an inconsistent alternative defense and instead to focus on the defense or defenses that he reasonably believes to be the strongest under all the circumstances will usually not constitute deficient performance under *Strickland v. Washington,* 466 U.S. 668, 687 (104 SCt 2052,

80 LE2d 674) (1984).[19]

Similarly, our opinion today should not cause trial courts to worry too much if they fail to give an instruction on an alternative defense that is supported by only the slightest evidence and that is inconsistent with the defendant's own account of the events or with the main defense theory presented at trial. Such an omission will likely be harmless error and almost certainly will not amount to plain error.[20]

---

[19] See, e.g., *Blackwell v. State*, 302 Ga. 820, 825-826 (809 SE2d 727) (2018) (holding that "[i]t was not patently unreasonable for trial counsel, rather than risk losing credibility, to make the strategic decision not to seek a voluntary manslaughter charge" and instead to pursue an all-or-nothing justification defense, where the evidence of voluntary manslaughter was weak and contradicted the defendant's claim that he acted in self-defense); *Morrison v. State*, 300 Ga. 426, 428 (796 SE2d 293) (2017) (holding that counsel's decision not to pursue a theory of self-defense as an alternative to the main defense theory of accident was not deficient performance where the accident theory was more strongly supported by the evidence); *Savior v. State*, 284 Ga. 488, 493 (668 SE2d 695) (2008) (holding that counsel acted reasonably in not requesting charges on voluntary manslaughter, self-defense, and accident, because those theories were contrary to the defense strategy, based on the defendant's assertions, that he did not have a gun in his hands until the fighting and shooting were finished); *Conaway v. State*, 277 Ga. 422, 424 (589 SE2d 108) (2003) (holding that counsel's decision to pursue solely an accident defense and not request a coercion instruction was reasonable strategy). See also *Wells v. State*, 295 Ga. 161, 165-166 (758 SE2d 598) (2014) (citing several Eleventh Circuit cases making the same point).

[20] See, e.g., *State v. Newman*, 305 Ga. 792, 797 (827 SE2d 678) (2019)

(holding that it was not plain error for the trial court to fail to instruct on defense of habitation when the evidence in support of this defense was, at most, slight and the appellant insisted that the shooting was an accident); *Noel v. State*, 297 Ga. 698, 701 (777 SE2d 449) (2015) (holding that any error the trial court made in failing to instruct the jury on accident and justification was harmless because it was unlikely the jury would have been persuaded by either defense in light of the evidence, which included the appellant's own testimony that undermined accident or justification and instead supported his main defense that he was not involved at all in the victim's death); *Conaway*, 277 Ga. at 424 (holding that even if counsel had requested an instruction on coercion and it had been warranted, the trial court's failure to give it would have been harmless).

DECIDED OCTOBER 7, 2019.

Certiorari to the Court of Appeals of Georgia — 347 Ga. App. 68.

*Cara Clark*, for appellant.

*Benjamin D. Coker, District Attorney, E. Morgan Kendrick, Assistant District Attorney*, for appellee.