NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 17, 2026

S26A0168.  BODIE v. THE STATE.

WARREN, Presiding Justice.

In July 2022, Alexandra Bodie was convicted of malice murder and possession of a firearm during the commission of a felony related to the shooting death of Brandy Brummett.  She appeals her convictions, arguing that her trial counsel provided ineffective assistance by failing to request a jury instruction on accident and that the trial court committed plain error by not giving an instruction on accident.  Because she has failed to show that her counsel was deficient and because the lack of an accident instruction likely did not affect the outcome of her case, we affirm her convictions.[1]

---

[1] Brummett was killed in May 2019.  In August 2019, a DeKalb County grand jury indicted Bodie for malice murder, felony murder, aggravated

1. At around 5:30 p.m. on May 11, 2019, Bodie shot and killed Brummett on stairs leading to a parking lot in a commercial area.[2] After being identified by a police officer as the woman seen in a surveillance video running from the area after the shooting and being identified as the shooter in a photo lineup by an eyewitness to the shooting, Bodie was arrested. She was interviewed by a police detective twice. In her first interview, she denied being involved in the shooting, first saying that she was not in the area and then admitting that she was in the area "selling dope" but saying that she ran when she heard the gunshot. In her second interview, however, she admitted that she was involved in the shooting, giving the

---

assault, and possession of a firearm during the commission of a felony. At a jury trial in July 2022, the jury found Bodie guilty on all counts. Bodie was sentenced to serve life in prison for malice murder and a consecutive five years in prison for the firearm count. The remaining counts were merged or vacated by operation of law. Bodie timely filed a motion for new trial in July 2022 and amended it with new counsel in October 2024. After an evidentiary hearing, the trial court denied Bodie's motion in July 2025. Bodie filed a timely notice of appeal. The appeal was docketed to this Court's term beginning in December 2025 and submitted for a decision on the briefs.

[2] We describe the trial evidence "in some detail rather than only in the light most favorable to the jury's verdicts" because this case involves a question of whether an assumed trial court error caused harm, as discussed in Division 3 below. *Wood v. State*, 316 Ga. 811, 812 n.2 (2023).

following account.[3]

Bodie had known Brummett for many years. Brummett took Bodie "up under her wing" when Bodie began selling drugs "on the street." Eventually, Bodie "started doing her own thing," "branch[ing] out" from Brummett. Shortly before the shooting, Bodie heard that Brummett was "trying to set [Bodie] up" because Brummett "hate[d] on people who try to come up," like Bodie, and Brummett was defensive of her "territory." The "word on the street" was that Brummett "had to get" Bodie. About a week before the shooting, Bodie and a friend were attacked by a man with a crowbar. The next day, Bodie learned that Brummett had "set [her] up" for this attack. After this incident, Bodie began carrying a gun. Bodie had this gun in her waistband when she saw Brummett on the stairs of the parking lot on May 11. Brummett approached Bodie and "came in to give her a hug." Bodie pushed her, saying, "get the f**k off of me." Brummett pushed Bodie back, and Bodie pushed

---

[3] The detective who interviewed Bodie testified about the interview at trial, and a recording of the interview was played for the jury.

3

Brummett again.  Bodie then realized that Brummett knew Bodie had a gun, and she thought, "so at this point, it's either you or me … either you go for it or I'm going for it."  So Bodie grabbed the gun and although she had put the safety on "as always," somehow "the safety went off," and the gun "went off."  Bodie did not know how the gun fired, speculating, "I guess my finger slipped."  Bodie did not mean to shoot Brummet, but explained, "at this point it's either me or you.  You were reaching for it, I'm reaching for it."  The gun fired one shot, and Bodie "just ran."  As she was running, she "threw" the gun away.  That night, she slept in the bushes in a nearby park.

An eyewitness to the shooting testified that he saw Bodie sitting on the stairs of the parking lot around 10:00 a.m. on the morning of the shooting, and she told him that she "was going to beat" Brummett.  When Brummett arrived later that day, she "c[a]me[] up … to hug [Bodie]."  Bodie said, "F**k you, b**ch," and shot Brummett.  Then Bodie "ran."[4]

---

[4] On cross-examination, the witness admitted that he had not told police investigators about Bodie's threat to "beat" Brummett and that he told

Additionally, evidence was presented that there was tension between Bodie and Brummett related to the February 2019 murder of Erica Cruz, who was a mutual acquaintance. Bodie told the detective in her interview that shortly after Cruz was killed, Brummett admitted to Bodie that Brummett had "everything" to do with Cruz's death but "another dude [was] going down for it." A detective working on the Cruz case testified at Bodie's trial that he had spoken to Brummett about Cruz's murder and Brummett "was willing to pass along" information about the murder. On May 8, three days before Brummett's shooting, Bodie posted on Facebook a picture and headline from an article about the man charged with Cruz's murder. Above the picture, Bodie wrote, "Brandy brummett had everything to do with it fk u pookie."[5]

The medical examiner who performed Brummett's autopsy testified that Brummett died from a single gunshot wound to the

___

investigators he heard Bodie say, "Don't touch me, mother**king b**ch," rather than "F**k you, b**ch."

[5] Bodie said in her interview that "Pookie" was Brummett's nickname.

chest. She also noted that Brummett had "a bunch of scratches and bruises on the back" of her right hand, which could have been from her falling after she was shot but also could have been caused by a fight immediately before the shooting.

At trial, Bodie's counsel argued that Bodie shot Brummett in self-defense, asserting that Bodie knew that "a hit had been put out on her," was "in fear" because of the attack against her the week before, and was "physically engaged" by Brummett immediately before the shooting. Counsel pointed to the injuries on Brummett's hand as evidence that she fought Bodie before the shooting and emphasized Bodie's statement that "it was either me or her." The jury was instructed on self-defense.

2. Bodie contends that her counsel provided ineffective assistance by failing to request a jury instruction on accident. See OCGA § 16-2-2 ("A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."). To establish this claim, Bodie must show that her trial

counsel's performance was deficient and that counsel's deficient performance resulted in prejudice. See *Fox v. State*, 321 Ga. 411, 414–15 (2025) (citing *Strickland v. Washington*, 466 US 668, 687 (1984)). To show deficient performance, Bodie must demonstrate that "counsel performed counsel's duties in an objectively unreasonable way, considering all of the circumstances and in the light of prevailing professional norms." Id. (quotation marks omitted). "[D]ecisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course." Id. (quotation marks omitted). If Bodie fails to establish one part of the *Strickland* test, we need not examine the other part. Id.

Bodie has failed to show that her counsel's performance was deficient. In light of the evidence presented at trial—including Bodie's statements that the "word on the street" was that Brummett "had to get" Bodie and that Bodie grabbed the gun from her waistband because once Brummett knew about the gun, it was

7

"either you or me"—it was not objectively unreasonable for counsel to make the strategic decision to focus on arguing that Bodie acted in self-defense and forgo requesting an accident instruction, which would have presented a defense that was inconsistent with a self-defense theory. See *Fox*, 321 Ga. at 415 (holding that where the evidence "supported trial counsel's choice to pursue a self-defense strategy," "[c]ounsel's decision not to request an accident charge, which he believed would have undermined the all-or-nothing justification defense, was not patently unreasonable"). See also *McClure v. State*, 306 Ga. 856, 867 (2019) (Nahmias, P.J., concurring) ("[A] decision by defense counsel to forgo the option of presenting an inconsistent alternative defense and instead to focus on the defense or defenses that he reasonably believes to be the strongest under all the circumstances will usually not constitute deficient performance under *Strickland*."). Thus, Bodie's claim of ineffective assistance fails.

3. Bodie also argues that the trial court erred by failing to give an instruction on accident. Because counsel did not request an

8

instruction on accident, this claim is reviewed for plain error only. See OCGA § 17-8-58. To demonstrate plain error, Bodie must show

> (1) an error that was not affirmatively waived, (2) that the error was clear and obvious, and (3) that the error affected her substantial rights, which in the ordinary case means she must demonstrate that it affected the outcome of the trial court proceedings. If she makes such a showing, we would have discretion to remedy the error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Fox*, 321 Ga. at 416 (cleaned up). "If one prong of the plain error test is not satisfied, we need not address the other prongs of the test." Id. (quotation marks omitted).

Even assuming the trial court clearly erred by not instructing the jury on accident, Bodie has not shown that this assumed error affected the outcome of the proceedings. As discussed above, self-defense, rather than accident, was the focus of Bodie's defense at trial. The evidence Bodie now argues supported an accident instruction—Bodie's self-serving statements that she was not sure how the safety came off or how the gun fired—came from a single interview, in which Bodie also said that she grabbed the gun because

9

it was "either you or me."[6]  And there was other strong evidence that Bodie intended to shoot Brummett, including Bodie's statement that she believed Brummett was "trying to set [her] up" over a territory dispute, Bodie's Facebook post three days before the shooting saying "fk u pookie" related to Cruz's murder, the eye witness's testimony that Bodie said she was going to "beat" Brummett on the morning of the shooting, and the fact that Bodie fled and threw the gun away immediately after the shooting.  Thus, Bodie has failed to show that the lack of accident instruction likely affected the outcome of her trial.  See *Johnson v. State*, 316 Ga. 672, 688 (2023) (holding that the failure to give an accident instruction was harmless under plain error where the appellant's "primary theory at trial" was not accident but that someone else caused the injuries and although the

---

[6] Moreover, even if the jury believed Bodie's statement that she did not know how the gun fired, the jury also could have concluded—based on Bodie's statement and the evidence that Brummett was shot in the chest—that after Bodie grabbed the gun, she pointed it at Brummett, which would constitute criminal negligence and preclude an accident defense.  See *Mills v. State*, 287 Ga. 828, 832 (2010) (holding that the appellant's actions of "climb[ing] into bed with the victim and her two-year-old son holding a loaded handgun with his finger on the trigger" and "point[ing] the gun at the victim's head" "shows a degree of culpability that constitutes criminal negligence," not accident).

appellant offered an accident theory "as a possible explanation" for the victim's injuries when he testified at trial, testimony from medical experts was inconsistent with the accident theory). See also *McClure*, 306 Ga. at 867 (Nahmias, P.J., concurring) (noting that a trial court's "fail[ure] to give an instruction on an alternative defense that is supported by only the slightest evidence and that is inconsistent with the defendant's own account of the events or with the main defense theory presented at trial … almost certainly will not amount to plain error").

4. Lastly, Bodie argues that the cumulative effect of the errors enumerated in her brief requires her convictions to be reversed. "Under *State v. Lane*, 308 Ga. 10 (2020), we must consider collectively the prejudicial effect, if any, of trial court errors, along with the prejudice caused by any deficient performance of counsel." *Blocker v. State*, 316 Ga. 568, 583 (2023). However, in our analysis above, we assumed only one error—that the trial court erred by failing to give a jury instruction on accident—and we held that trial counsel did not perform deficiently. Thus, Bodie has failed to show

11

more than one trial court error or instance of deficient performance by counsel, so "there are no errors to aggregate," and this claim fails. *Madera v. State*, 318 Ga. 593, 600 (2024) (quotation marks omitted).

*Judgment affirmed. All the Justices concur.*

PETERSON, Chief Justice, concurring.

I join the decision of the Court in full. I write separately to make one additional point. The Court holds that Bodie has failed to show plain error from the trial court's failure to charge on accident, because Bodie has not shown that there is a reasonable likelihood the outcome would have been different if the trial court gave such a charge. I agree.

But it also seems to me that the failure to charge an unrequested affirmative defense that conflicts with the defense's strategic focus can almost never be plain and obvious error, even if evidence existed to support that defense. The weight of federal authority holds that there is no error at all in failing to give an unrequested instruction on an affirmative defense. See *Musacchio v. United States*, 577 U.S. 237, 248 (2016) ("When a defendant fails to press [a non-jurisdictional affirmative] defense, the defense does not become part of the case," the government does not otherwise have the burden of disproving it, and thus "there is no error for an appellate court to correct — and certainly no plain error."); *United*

13

*States v. Sago*, 74 F4th 1152, 1160 n.6 (10th Cir. 2023) (noting that "[o]f the circuits to have considered a claim regarding an unrequested affirmative-defense instruction, most hold there is no error," and collecting cases). See also *State v. Kelly*, 290 Ga. 29, 33 (2011) (adopting federal plain error standard in analyzing unpreserved jury instruction claims). And, although it's not clear to me whether we've ever decided that question ourselves, we have at least flagged the issue for future decision. See *Walker v. State*, 301 Ga. 482, 486 n.2 (2017) ("Because Appellant's defense of habitation claim fails under [plain error], we need not decide in this case whether we should follow *Musacchio* to hold categorically that a defendant cannot establish plain error in regard to a claim based on a non-jurisdictional affirmative defense that the defendant never put at issue at trial."). Given that we appear to have left this question unanswered since acknowledging its existence in *Walker*, it seems to me unlikely that failure to give an unrequested affirmative-defense instruction could constitute clear and obvious error under existing precedent.